UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTEN BLACKGOLD,<br>fka MITCHELL QUINTIN GRADY,<br>CDCR #AS-8775,<br><br>                                        Plaintiff,<br><br>vs.<br><br>RAYMOND MADDEN, et al.,<br>                                        Defendants. | Case No.:  22cv0915-MMA (WVG)<br><br>**ORDER:**<br><br>**(1) DISCHARGING ORDER TO SHOW CAUSE, AND**<br><br>**(2) DISMISSING ACTON AS DUPLICATIVE OF 20cv1273-MMA (WVG)** |

On June 21, 2022, Plaintiff Suten Blackgold, formerly known as Mitchell Quintin Grady, a state prisoner incarcerated at Kern Valley State Prison in Delano, California, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed in forma pauperis ("IFP").  Doc. Nos. 1–2.  The Complaint alleges that while incarcerated at Centinela State Prison in Imperial, California, Defendants Warden Madden, Lieutenants Alonzo and Ruiz, Sergeant Dominguez, and Correctional Officers Romero, Urbina, Veliz and Johnson, conspired to violate his right to due process by falsely charging him with a disciplinary infraction arising from a February 11, 2020, incident in which Plaintiff was accused of throwing a cup at Alonzo who then took Plaintiff's Rastafarian necklace.  Doc. No. 1 at 5–7.

Plaintiff claims false and defamatory evidence was presented at the ensuing disciplinary hearing where his own favorable evidence was rejected, and his appeal of the guilty finding was denied which resulted in an 11-month term in the Segregated Housing Unit ("SHU") and the loss of 150 days of good time custody credits. *Id.*

Plaintiff previously filed a 42 U.S.C. § 1983 Complaint in this Court naming Defendants Madden, Alonzo, Ruiz, Dominguez, Romero, Urbina, Veliz and Johnson, and presenting the same allegations, that Defendant Alonzo accused Plaintiff of throwing a cup and striking Alonzo during a February 11, 2020, altercation during which Plaintiff accused Alonzo of taking his Rastafarian necklace, and which resulted in a disciplinary charge of assault on a correctional officer and the introduction of fabricated evidence at an ensuing disciplinary hearing resulting an 11-month SHU term and loss of 150 days of good time custody credits. *See* Compl. filed July 8, 2020 [Doc. No. 1] in So.Dist.Ca. Civil Case No. 20cv1273-MMA (WVG). The Court in that case granted Defendants' motion to dismiss and dismissed the Complaint without prejudice on the basis that Plaintiff's claims were barred by *Heck v. Humphrey* because he had not succeeded in having his disciplinary conviction overturned or the loss of his custody credits invalidated. *See* Order filed July 16, 2021 [Doc. No. 27] at 8–9 in So.Dist.Ca. Civil Case No. 20cv1273-MMA (WVG) (first citing *Heck v. Humphrey*, 512 U.S. 477, 480–82 (1994) (holding that where success on a prisoner's § 1983 action would necessarily impact the validity of a conviction or duration of a sentence the prisoner must first invalidate the underlying conviction or sentence); and then citing *Edwards v. Balisok*, 520 U.S. 641, 643–47 (1997) (applying *Heck*'s favorable termination requirement to a prisoner's § 1983 action alleging loss of good time custody credits)). The Court also noted that Plaintiff did not appear to have exhausted his prison administrative remedies as required to bring a 42 U.S.C. § 1983 claim, and Plaintiff was instructed that if he "eventually exhausts his remedies and succeeds in invalidating his conviction, he may bring a new action." *Id.* at 9, n.7.

Plaintiff is presenting the same claims here as he was pursuing in that prior action.

He indicates in the instant Complaint that he has exhausted prison administrative remedies by receiving a final level appeal decision in which: "I didn't get any relief." Doc. No. 1 at 8.  However, Plaintiff does not indicate whether he has had his disciplinary conviction overturned or the loss of custody credits invalidated so that the *Heck* bar is no longer applicable.  Rather, his statement that his administrative appeal was denied without any relief indicates he has not had his conviction overturned or the loss of custody credits invalidated.

On October 24, 2022, Plaintiff was ordered to show cause why this action should not be dismissed as duplicative of his prior action in So.Dist.Ca. Civil Case No. 20cv1273-MMA (WVG), in which he brought the same claims against the same Defendants as in this action.  Doc. No. 6.  Plaintiff filed a response to the order to show cause on November 21, 2022.  Doc. No. 7.  Thus, the order to show cause is **DISCHARGED**.  However, Plaintiff does not address why this action is not duplicative of his prior action in So.Dist.Ca. Civil Case No. 20cv1273-MMA (WVG), and, although he contends he has exhausted his administrative remedies within the prison and has had criminal charges arising from his prison conduct dismissed by the state superior court, *id*. at 2, he has not alleged or shown he has succeeded in having his disciplinary conviction or sentence invalidated.

Accordingly, for the reasons set forth in the order to show cause, this action is **DISMISSED** without prejudice as duplicative of So.Dist.Ca. Civil Case No. 20cv1273-MMA (WVG).  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (a prisoner's claims may be dismissed under 28 U.S.C. § 1915(d) where they "merely repeat[] pending or previously litigated claims"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).  Because a determination was made in his prior action in So.Dist.Ca. Civil Case No. 20cv1273-MMA (WVG) that Plaintiff had not at

that time succeeded in having his disciplinary conviction overturned or his good time custody credits restored or their forfeiture invalidated, Plaintiff's failure to demonstrate in this action that he has succeeded in having that credit loss invalidated supports dismissal of this action. *See Balisok*, 520 U.S. at 649 (holding that it was error for district court to stay or proceed with action while plaintiff sought to invalidate the loss of custody credits and dismissal on *Heck* grounds was required). As with Plaintiff's prior action, the dismissal of this action is without prejudice to Plaintiff to file a new 42 U.S.C. § 1983 action presenting his claims if and when he succeeds in having his disciplinary conviction and resultant loss of custody credits invalidated or can otherwise demonstrate his claims are not barred by *Heck* and *Balisok*.

## CONCLUSION

Good cause appearing, the order to show cause is **DISCHARGED** and this action is **DISMISSED** without prejudice as duplicative of Plaintiff's prior action in So.Dist.Ca. Civil Case No. 20cv1273-MMA (WVG).

**IT IS SO ORDERED**.

Dated: December 5, 2022

HON. MICHAEL M. ANELLO
United States District Judge